# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DARRIN L. TAYLOR, )
)
        Petitioner, )
)
v. ) No. CIV 14-083-RAW-KEW
)
EMMA WATTS, Warden, )
)
        Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Jackie Brannon Correctional Center in McAlester, Oklahoma, is challenging his loss of 365 earned credits that resulted from a prison disciplinary proceeding at Jess Dunn Correctional Center in Taft, Oklahoma. He did not file a response to the respondent's motion.

The record shows that on July 20, 2012, Correctional Officer Hancock observed petitioner sitting on a chair. When petitioner saw Hancock approaching, he turned to the left and reached for a laundry bag tied to another inmate's bunk. Petitioner then stood up and placed a black and silver cell phone in his left shorts pocket. He walked toward Hancock and refused Hancock's direct order to turn around and place his hands on the wall to be restrained. Hancock called another officer and again ordered petitioner to put his hands on the wall for restraints, and petitioner complied. A pat search did not find the phone, but it was retrieved from another inmate's laundry bag and placed in the facility's contraband

locker. (Dkt. 8-3 at 1-2).

Petitioner was issued an Offense Report on July 27, 2012, charging him with Individual Disruptive Behavior for possessing a cell phone. (Dkt. 8-4). He requested a hearing which was scheduled for August 2, 2012. *Id*. An investigation was conducted, and petitioner requested Lt. Vicki Kyzer as a witness. (Dkt. 8-5 at 1). Because Lt. Kyzer had referred the misconduct report for investigation, the investigator disallowed her as a witness. (Dkt. 8-5 at 4). Petitioner received copies of all relevant documents on August 1, 2012. (Dkt. 8-5 at 5).

Petitioner's disciplinary hearing was held on August 2, 2012. He was found guilty based on Officer Hancock's report, and discipline was imposed. (Dkt. 8-6). His appeal to the facility head was denied on August 22, 2012. (Dkt. 8-7 at 1-3). He next appealed to the Administrative Review Authority (ARA) which determined petitioner did not receive due process, and the proceeding was remanded for a rehearing. (Dkt. 8-8). The ARA's September 26, 2012, Response noted that "Department Offender Disciplinary Procedures, OP-060125 V.A.5 states in part, 'Rehearings should be conducted within 30 calendar days from the date of the order, unless exceptional circumstances dictate otherwise.'" (Dkt. 8-8 at 3).

On November 6, 2012, petitioner received notice that his rehearing had been postponed to November 13, 2012. (Dkt. 8-8 at 5-6). He filed a lawsuit in Oklahoma County District Court on November 8, 2012, challenging the Department's authority to conduct a disciplinary hearing more than 30 days after the order for rehearing. (Dkt. 8-9 at 1).

The rehearing ordered by the ARA on September 26, 2012, was held on November 13, 2012. (Dkt. 8-10). Instead of having Lt. Kyzer appear as a witness, the Investigator

2

completed a Witness Discretionary Record form indicating Lt. Kyzer referenced the July 20, 2012, Offense Report for her statement. (Dkt. 8-12 at 5). Petitioner again was found guilty and received the same sanctions as before, including the loss of 365 earned credits. *Id*.

Also on November 13, 2012, the ARA received a letter from petitioner, seeking expungement of the disciplinary action, because the rehearing was not held within 30 days. (Dkt. 8-11 at 1). The ARA responded on November 14, 2012, informing petitioner that "[o]fficials at OSR have been notified and requested to conduct your re-hearing." (Dkt. 8-11 at 2). On November 26, 2012, petitioner appealed to the facility head and was denied. (Dkt. 8-12 at 1-5). Petitioner's appealed to the ARA on December 12, 2012, and on that date, the ARA ordered a reinvestigation and rehearing because the record was incomplete, and Lt. Kyzer did not complete a witness statement. (Dkt. 8-13 at 1-3). Petitioner's rehearing was set on or after January 14, 2013. (Dkt. 8-13 at 4).

A reinvestigation was conducted and received by petitioner on January 10, 2013. (Dkt. 8-14 at 1). Petitioner requested Kyzer as a witness, and a written statement was taken from her. (Dkt. 8-14 at 1, 5-6). Her statement read, "I was not present on the unit when the incident occured [sic]. When I arrived on the unit, I was told by Sgt. Gaulden and Ofc. Hancock that the phone was found in Offender Mitchell's laundry bag and that all Offender Taylor had on his person was a lighter." *Id*. Petitioner received a copy of all relevant documents on January 10, 2013. (Dkt. 8-14 at 9).

Petitioner's second rehearing was held on January 14, 2013, and he again was found guilty and received sanctions including the loss of 365 earned credits. (Dkt. 8-15). On February 1, 2013, he appealed to the facility head who denied the appeal on the same date. (Dkt. 8-16 at 1-4). He appealed to the ARA on February 21, 2013, and his appeal was denied

3

on March 25, 2013. (Dkt. 8-17 at 1-3).

On April 5, 2013, the Oklahoma County District Court issued an order in Case No. CV-2012-2533, dismissing petitioner's petition for judicial review for his failure to state a claim upon which relief can be granted. (Dkt. 8-18 at 1-5). The district court held, among other things, that the lawsuit was premature, because the administrative process was not completed on the date he filed the action. (Dkt. 8-18 at 2). The Oklahoma Court of Criminal Appeals affirmed on February 13, 2014 in Case No. REC-2013. (Dkt. 8-19 at 1-4).

The respondent alleges petitioner has not exhausted his state court remedies by presenting his claim to a state district court through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, and then appealing any adverse decision to the Oklahoma Court of Criminal Appeals. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

Petitioner's failure to exhaust his state court remedies is complicated by the fact that it now is too late for him to file a petition for judicial review. Under § 564.1(A)(1) he had

4

90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

**ACCORDINGLY,** the respondent's motion to dismiss (Dkt. 8) is GRANTED, and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 20th day of March 2015.

**Dated this 20th day of March, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma